UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JIIN KIM,
    Plaintiff,

    v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES
ADMINISTRATIVE APPEALS
OFFICE, ET AL.,
    Defendants.

)
)
)
)
)  C.A. No. 20-10713-MLW
)
)
)
)
)

MEMORANDUM AND ORDER

WOLF, D.J.                          October 7, 2022

I.   INTRODUCTION

On April 10, 2020, plaintiff Jiin Kim filed this action against defendants United States Citizenship and Immigration Services ("USCIS"), the USCIS Administrative Appeals Office, the United States Department of Homeland Security, the United States Department of State ("State Department"), and their officers in their official capacities, alleging denial of her rights and privileges as a United States citizen and violation of the Administrative Procedure Act. See Compl. (Dkt. No. 1). Kim seeks: (1) a declaratory judgment that she is a United States citizen; (2) injunctive relief requiring USCIS to adjudicate an appeal of its decision to deny her application for a certificate of citizenship; and (3) injunctive relief requiring the State Department to reissue a passport to her. Id.

Although Kim filed notices of service of process as to each defendant in July 2020, the government never responded. The court has been informed that the government is aware of this case and would move to dismiss it on the basis of improper service. However, no such motion has been made. In fact, neither party has made any filing since July 2020.

On September 2, 2021, the court ordered Kim to report, by October 1, 2021, whether this case is resolved, and, if not, to file an affidavit to show cause why the case should not be dismissed for want of prosecution. See Dkt. No. 16. Kim never reported. Therefore, the court is dismissing the case for failure to prosecute.

II.  LEGAL STANDARD

"The authority of a [district] court to dismiss sua sponte for lack of prosecution . . . [is] an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962). "[T]his power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of a defendant." Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710, 712 (1st Cir. 1977).

However, such dismissals are "drastic sanctions, which should be employed only when the district court, in the careful exercise of its discretion, determines that none of the lesser sanctions available to it would truly be appropriate." Id. Dismissal may be appropriate "in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." Pomales v. Celulares Telefónica, Inc., 342 F.3d 44, 48 (1st Cir. 2003) (internal quotation marks omitted). Further, failing to "ma[k]e service of process on the defendants . . . in itself suffices for a finding of lack of prosecution." Tyree v. Fair, 1993 WL 88958, at *3 (1st Cir. 1993) (affirming district court's dismissal for lack of prosecution).

III. DISCUSSION

Almost two-and-a-half years have elapsed since Kim filed her Complaint, and it has been over two years since she filed the notices of service of process, the last action she took in this case. It is possible that the defendants were not properly served, which alone would suffice to find lack of prosecution. See id.[1] However, the court need not make a finding on service of process because Kim also failed to comply with the September 2, 2021 Order.

---

[1] It is also possible that the case has been resolved by agreement or rendered moot by defendants providing at least some of the relief Kim requests.

3

•

To date, more than a year after the October 1, 2021 deadline, Kim has still not reported regarding the status of this case and has not provided any affidavit concerning why the case should not be dismissed. In fact, the court has not received any communication from Kim at all. This is, therefore, a case of "extremely protracted inaction (measured in years)," one of the circumstances the First Circuit has stated may justify dismissal. Pomales, 342 F.3d at 48.

The court must consider the option of lesser sanctions and should dismiss this action with prejudice only if it finds that lesser sanctions would not be appropriate. See Zavala Santiago, 553 F.2d at 712. Because neither party is active in this case, it is unlikely that any other sanction would promote resolution of the case. The court recognizes that it could order a dismissal of this case without prejudice. See, e.g., Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc., 848 F.2d 315, 318 (1st Cir. 1988). However, the September 2, 2021 Order provided notice that this case could be dismissed for want of prosecution. If Kim wanted this case to proceed, she should have reported regarding the status of the case and filed an affidavit explaining why it should not be dismissed. The long period of inaction by Kim, her failure to provide any excuse for it, and her complete disregard for the September 2, 2021 Order make dismissal with prejudice most appropriate.

4

IV.   ORDER

In view of the foregoing, it is hereby ORDERED that this case is DISMISSED with prejudice.

_____
UNITED STATES DISTRICT JUDGE